IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BINGER | : | |
| | : | Case No. 2:17-cv-570 |
|     Plaintiff, | : | |
| v. | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| ALPONT TRANSPORTATION, *et al*, | : | |
| | : | |
|     Defendants – Third-Party Plaintiffs, | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| v. | : | |
| | : | |
| SELECT SIRES, INC., | : | |
| | : | |
|     Third-Party Defendant. | : | |

## **OPINION & ORDER**

This matter is before the Court on Motion of Third-Party Defendant Select Sires, Inc. ("Select Sires"). Defendant has filed a Motion to Dismiss or in the Alternative for Summary Judgment. (ECF No. 34). Defendant – Third-Party Plaintiff Alpont Transportation ("Alpont") has filed a Response (ECF No. 41) to which Third-Party Defendant Select Sires has filed a Reply (ECF No. 44). Defendant – Third-Party Plaintiff Alpont has also filed a document styled a Reply to Defendants' Response (ECF No. 56) which Select Sires has moved to strike (ECF No. 59). Finally, Defendant – Third-Party Plaintiff Alpont has filed a Motion for Leave to File Supplemental Statement of Facts (ECF No. 60) and a Motion for Leave to File an Amended Third-Party Complaint (ECF No. 61).

For the reasons below, Third-Party Defendant Select Sires's Motion to Dismiss or in the Alternative for Summary Judgment is **DENIED without prejudice**. Defendant – Third-Party Plaintiff Alpont's Motion for Leave to File Supplemental Statement of Facts is **GRANTED**, to

supplement ECF No. 41. Alpont's Motion for Leave to File Amended Complaint is **GRANTED**. In addition, Alpont's Reply (ECF No. 56) is **STRICKEN**.

## I. BACKGROUND

In June 2016, Plaintiff Robert Binger was a pedestrian on U.S. Route 42 when Defendant Randall E. Miller, driving a tractor trailer, hit him. (ECF No. 19 at ¶8). At the time, Miller was employed by Alpont, and Binger was employed by Select Sires. (ECF No. 19 at ¶3). Binger sued Alpont, alleging negligence. In response, Alpont sued Select Sires (ECF No. 20), alleging indemnity/contribution and *respondeat superior*.

At issue is whether Ohio's workers' compensation scheme immunizes Select Sires from Alpont's request for contribution. Select Sires argues that, as a complying employer, they are immune. Ohio R. C. § 4123.74. Alpont argues that workers' compensation is a scheme that governs the relationship of employees and *their* employers and does not speak to the employers' liability to third-parties. In the alternative, Alpont argues that Sires' interpretation of the workers' compensation scheme is unconstitutional as applied to third parties like Alpont.[1]

## II. STANDARD OF REVIEW

Because evaluating Select Sires's Motion requires consideration of facts that are not present on the face of Alpont's well-pleaded complaint, this Motion is more properly characterized as a Motion for Summary Judgment than a Motion to Dismiss. Rule 12(b)(6) of the Federal Rules of Civil procedure provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to

---

[1] Because Sires's Motion is denied, it is not necessary at this time to reach the question of the constitutionality of the workers' compensation scheme, and by this Order, this Court expresses no judgment on the merits of this question. *See generally Davet v. City of Cleveland,* 456 F.3d 549, 554 (6th Cir. 2006) (reciting the familiar principle that, where possible, federal courts construe challenged state statutes "to avoid constitutional difficulty.")

present all material made pertinent to such a motion by Rule 56." Because the question of workers' compensation and employer immunity is not presented on the face of Alpont's complaint, Select Sires's Motion is addressed as a Rule 56 Motion for Summary Judgment.

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." A fact is deemed material only if it "might affect the outcome of the lawsuit under the governing substantive law." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The mere possibility of a factual dispute is insufficient to defeat a motion for summary judgment. *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992). Summary judgment is inappropriate, however, "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The necessary inquiry for this Court is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251-52). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient to survive the motion; there must be evidence on which the jury could reasonably find for the opposing party. *See Anderson*, 477 U.S. at 251; *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). It is proper to enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the nonmoving party has "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322 (quoting *Anderson*, 477 U.S. at 250).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013).

### III. ANALYSIS

1. *Select Sires's Motion for Summary Judgment*

The question is whether, under Ohio law, a third-party may demand contribution from an employer who is a complying employer under Ohio's workers' compensation laws. Generally, such a third-party may not so demand and such an employer would be immune. *See e.g., Williams v. Ashland Chemical Co.*, 52 Ohio App. 2d 81, 89 (1976). However, this immunity is conditioned on the employees' actions being in the scope of their employment as that phrase is used in the workers' compensation context. *See e.g. Williams*, 52 Ohio App. at 86. In this case, there remains a genuine dispute about this material fact. As a result, summary judgment would be inappropriate at this time. Select Sires' Motion is denied without prejudice and may be re-filed at an appropriate time.

The Ohio Revised Code provides that employers who comply with the workers' compensation scheme

> shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring

4

> during the period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter.

Ohio R.C. § 4123.74. Ohio courts have generally interpreted this provision to immunize complying employers from liability even to third parties for damage sustained. In *Perry*, the Court of Appeals allowed the trial court's order to stand after the trial court granted a judgment notwithstanding the verdict to the defendant who argued that their compliance with the workers' compensation scheme should overcome an adverse jury verdict. The *Perry* court explained the principle in broad terms, writing, "[this] section of the Ohio workers' compensation law provides that an employer who complies with the law is relieved from liability to anyone for damages arising from an injury to an employee sustained in the course of the employee's employment." *Perry v. S.S. Steel Processing Corp.*, 40 Ohio. App. 3d 198, 202 (1987). A complying employer is liable to a third-party for claims arising out of injuries to employees only where there has been express agreement between the two parties as to that liability. *Williams,* 52 Ohio App. 2d at 89 (1976).

But as *Perry* and *Williams* indicate, merely being a complying employer is not sufficient for blanket immunity. Rather, the actions in question by the employee must have been in the scope of her employment. Generally, "[u]nder Ohio law, a third-party tortfeasor…has no standing to bring an indemnification claim against an employer for damages suffered by an employee in the course of or arising out of his employment where the employer is acting in compliance with the Ohio workers' compensation law." *Id*. *See also Williams*, 52 Ohio App. at 86 (noting that the legislature enacted the workers' compensation scheme to "provide against liability of the employer to anyone for damages arising from any injury…of an employee arising out of his employment."). Thus any determination of contribution or indemnification, as

5

demanded here, requires a two-step inquiry: first, whether the employer is a complying employer within the meaning of O.R.C. § 4321.74; and second, whether the damage in question "arose out of" the employment.

Alpont's Complaint alleges Binger was in the scope of his employment that day, and Select Sires argues Alpont has therefore conceded the point. But Alpont's Complaint brings a claim for *respondeat superior* which, rather inconveniently, also uses the terminology "scope of employment." As a result, it is not at all clear that Alpont has conceded that Binger was in the scope of his employment for the *workers' compensation* determination. Both determinations – the scope of employment for immunity under O.R.C. § 4321.74 and the scope of employment for *respondeat superior* – require development of the factual record because although they share a name, they do not share a legal standard.

In the workers' compensation context, the phrase

> has never been accurately defined, although many attempts have been made. It cannot be accurately defined, because it is a question of fact and each case is *sui generis*. The act of an agent is the act of the principle within the course of the employment when the act can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of the service rendered, or a natural, direct, and logical result of it.

*Rogers v. Allis-Chalmers Mfg. Co.,* 153 Ohio St. 513, 526-27 (1950) (internal quotation omitted). By contrast, *respondeat superior* requires the element of the master's control of the manner and means of the servant's work. It is thus focused on

> the relation of superior and subordinate [and] is applicable to that relation wherever it exists, as between principal and agent, or master and servant, is coextensive with it, and ceases when that relation ceases to exist; and the reason of it is to be traced to the power of control and direction, which the superior has a right to exercise, and which, for the safety of others, he is bound to exercise over the acts of his subordinates.

*Id*. at 527.

6

Select Sires presents evidence that they are a complying employer within the meaning of O.R.C. § 4231.74. But there remains a genuine dispute of material fact, namely whether Plaintiff Binger's actions on June 10, 2016 were in the scope of his employment. Select Sires's immunity cannot be determined conclusively until there is more information in the record properly before the Court about Binger's responsibilities and training. As a result, although Select Sires may renew their motion at the appropriate time, at this moment it is **denied**.

2. *Select Sires's Motion to Strike*

Alpont filed a document entitled "Reply to Response to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment." (ECF No. 56). This document is, in sum and substance, a responsive pleading to Defendants' Reply (ECF No. 44). Because this reply constitutes an "additional memorand[um] beyond those enumerated," it is prohibited by Local Rule 7.2(a)(2), except upon leave of court. Select Sires' Motion to Strike is therefore **granted**.

3. *Alpont's Motions for Leave to File*

Alpont has submitted Motion requesting Leave to File an Amended Complaint. Federal Rule of Civil Procedure 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foreman v. Davis*, 371 U.S. 178, 182 (1962). While the Sixth Circuit is "very liberal" in permitting amendments, certain factors may warrant the denial of a motion to amend: undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by the amendment, and the futility of the amendment. *United States v. The Limited, Inc.,* 176 F.R.D. 541, 550 (S.D. Ohio 1998).

A substantially similar version of the amended complaint Alpont proposes to file has already been filed, at ECF No. 47 ("Third-Party Plaintiff Interstate Chemical Company's Third-Party Complaint Against Select Sires"). As a result, the concerns about bad faith and prejudice to

the opposing party are *de minimis*. In addition, the factors weighing in favor of amendment – namely increased clarity and a good faith effort to cure a deficiency – are present here. As a result, Alpont's Motion for Leave to Amend is **granted**.

Alpont has also submitted a Motion for Leave to File Supplemental Statement of Facts. Alpont has indicated this Motion relates back to their earlier filings: ECF No. 41 (Response in Opposition to Sires's Motion for Summary Judgment) and ECF No. 56 (Reply to Response). As above, the latter is stricken from the record. However, Alpont may submit this Statement of Facts to supplement their filing at ECF No. 41. *See generally,* Fed. R. Civ. P. 56(e). This motion is **granted**.

## IV. CONCLUSION

Although certain contributing employers are immune as against requests for contribution per Ohio's workers' compensation scheme, this immunity is contingent on the employee's actions being in the scope of her employment. On this question, there remains a genuine dispute of material fact. As a result, Third-Party Defendants Select Sires's Motion for Summary Judgment is **DENIED without prejudice** and may be refiled at the appropriate time. In the interest of clarity and judicial economy, Plaintiff – Third-Party Defendant Alpont's Motion to Amend is **GRANTED**, and Alpont's Motion to Supplement Doc. 41 is **GRANTED**. Third-Party Defendants Select Sires's Motion to Strike is **GRANTED**.

**IT IS SO ORDERED.**

                                                  s/Algenon L. Marbley
                                                  **ALGENON L. MARBLEY**
                                                  **United States District Judge**

**Dated: March 13, 2019**